# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN EVERETT, | ) |
| Plaintiff, | ) 2:13-cv-306 |
| v. | ) Judge Marilyn J. Horan |
| FIRST NIAGARA BANK, | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

AND NOW, this 3rd day of April 2020, upon consideration of Plaintiff Justin Everett's Pro Se Motion to File Under Seal/Remove from Public Record, (Docket No. [4]), wherein he seeks to seal this case and remove it from the public record seven years after it was dismissed as frivolous under 28 U.S.C. § 1915(e)(2) by this Court in a March 5, 2013 Memorandum Opinion and Order, (Docket No. [2]), due to the fact that the matter settled after it was litigated in state court,

IT IS HEREBY ORDERED that said Motion [4] is DENIED. To this end, Plaintiff has not met his heavy burden to demonstrate that the settlement of this matter justifies the extraordinary remedy of sealing this entire case, as his asserted interests in sealing judicial records that have been publicly available for the past seven years do not outweigh the public's right to continue to access them. *See, e.g., In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672–73 (3d Cir. 2019) (discussing the public's right of access to court records and the strong presumption that a movant seeking to seal a record must overcome). As the Third Circuit Court of Appeals has explained, the public's right to access judicial records is "beyond dispute," *Leap Sys. v. Moneytrax, Inc.*, 638 F.3d 216, 221 (3d Cir. 2011), and "[t]he

strong presumption of openness does not permit the routine closing of judicial records to the public," *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d at 672 (internal quotations omitted).  Nonetheless, the right is not absolute, and courts "permit the sealing of documents when justice so requires." *Leap Sys.*, 638 F.3d at 221.  The party who seeks to seal court records must overcome the strong presumption of access by "'show[ing] that the interest in secrecy outweighs the presumption.'"  *Id.* at 221–22 (quoting *In re Cendant Corp.*, 260 F.3d 183, 190 (3d Cir. 2001)).  The movant thus "must show 'that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure.'" *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d at 672 (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)).  Further, Plaintiff's statements that there is no reason for the matter to remain public are woefully inadequate to meet his burden in light of recent precedent by the Third Circuit holding that "[b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient" to justify the sealing of judicial records.  *Id.* at 673 (internal quotations omitted).

       Accordingly, Plaintiff's Motion to Seal [4] is DENIED.

BY THE COURT,

*/s/ Marilyn J. Horan*
United States District Judge

cc: Justin Everett, pro se
3505 Duquesne Avenue
West Mifflin, PA 15122
(first class mail).